TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
THOMAS F. RYBARCZYK (Cal. Bar No. 316124)
LINDSEY GREER DOTSON (Cal. Bar No. 266973)
Assistant United States Attorney
Public Corruption and Civil Rights Section
        1500 United States Courthouse
        312 North Spring Street
        Los Angeles, California 90012
        Telephone: (213) 894-8452/4443
        Facsimile: (213) 894-0141
        E-mail:    thomas.rybarczyk@usdoj.gov
                   lindsey.dotson@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED
CLERK, U.S. DISTRICT COURT

6/4/2021

CENTRAL DISTRICT OF CALIFORNIA
BY: ___JB___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 2:21-cr-00268-PA |
|---|---|
| Plaintiff, | COOPERATION PLEA AGREEMENT FOR DEFENDANT SAMUEL MATOSYAN |
| v. | |
| SAMUEL MATOSYAN, | |
| Defendant. | |

1.   This constitutes the plea agreement between defendant SAMUEL MATOSYAN ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the investigation of defendant, a federal law enforcement officer, and his participation in an illegal marijuana cultivation and distribution operation.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

<u>DEFENDANT'S OBLIGATIONS</u>

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

b.   Not contest the Factual Basis agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Resign immediately as a Deportation Officer with Immigration and Customs Enforcement's Enforcement Removal Operations and not apply for any other federal law enforcement position or

position that would require defendant to work in security in a federal building.

3.   Defendant further agrees to cooperate fully with the USAO, the Department of Homeland Security, Office of Inspector General, and, as directed by the USAO, any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.  This cooperation requires defendant to:

a.   Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b.   Attend all meetings, grand jury sessions, trials, or other proceedings at which defendant's presence is requested by the USAO or compelled by subpoena or court order.

c.   Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the USAO, or its designee, inquires.

4.   For purposes of this agreement: (1) "Cooperation Information" shall mean any statements made, or documents, records, tangible evidence, or other information provided, by defendant pursuant to defendant's cooperation under this agreement or pursuant to the letter agreement previously entered into by the parties dated March 25, 2021 for the proffer meeting conducted on April 5, 2021 (the "Letter Agreement"); and (2) "Plea Information" shall mean any statements made by defendant, under oath, at the guilty plea hearing and the agreed to factual basis statement in this agreement.

///
///
///

1          <u>THE USAO'S OBLIGATIONS</u>

2      5.   The USAO agrees to:

3          a.   Not contest the Factual Basis agreed to in this

4  agreement.

5          b.   Abide by all agreements regarding sentencing contained

6  in this agreement.

7          c.   At the time of sentencing, provided that defendant

8  demonstrates an acceptance of responsibility for the offense up to

9  and including the time of sentencing, recommend a two-level reduction

10  in the applicable Sentencing Guidelines offense level, pursuant to

11  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

12  additional one-level reduction if available under that section.

13      6.   Except for criminal tax violations (including conspiracy to

14  commit such violations chargeable under 18 U.S.C. § 371), not

15  criminally prosecute defendant for possession of firearm in

16  furtherance of a drug trafficking crime, violation of 18 U.S.C.

17  § 924(c)(1)(A), arising out of defendant's conduct described in the

18  agreed-to factual basis set forth in paragraph 15 below.  Defendant

19  understands that the USAO is free to criminally prosecute defendant

20  for any other unlawful past conduct or any unlawful conduct that

21  occurs after the date of this agreement.  Defendant agrees that at

22  the time of sentencing the Court may consider the uncharged conduct

23  in determining the applicable Sentencing Guidelines range, including

24  the possession of the firearm set forth in paragraph 15, the

25  propriety and extent of any departure from that range, and the

26  sentence to be imposed after consideration of the Sentencing

27  Guidelines and all other relevant factors under 18 U.S.C.

28  § 3553(a).The USAO further agrees:

4

a.   Not to offer as evidence in its case-in-chief in the above-captioned case or any other criminal prosecution that may be brought against defendant by the USAO, or in connection with any sentencing proceeding in any criminal case that may be brought against defendant by the USAO, any Cooperation Information. Defendant agrees, however, that the USAO may use both Cooperation Information and Plea Information: (1) to obtain and pursue leads to other evidence, which evidence may be used for any purpose, including any criminal prosecution of defendant; (2) to cross-examine defendant should defendant testify, or to rebut any evidence offered, or argument or representation made, by defendant, defendant's counsel, or a witness called by defendant in any trial, sentencing hearing, or other court proceeding; and (3) in any criminal prosecution of defendant for false statement, obstruction of justice, or perjury.

b.   Not to use Cooperation Information against defendant at sentencing for the purpose of determining the applicable guideline range, including the appropriateness of an upward departure, or the sentence to be imposed, and to recommend to the Court that Cooperation Information not be used in determining the applicable guideline range or the sentence to be imposed.  Defendant understands, however, that Cooperation Information will be disclosed to the United States Probation and Pretrial Services Office and the Court, and that the Court may use Cooperation Information for the purposes set forth in U.S.S.G § 1B1.8(b) and for determining the sentence to be imposed.

c.   In connection with defendant's sentencing, to bring to the Court's attention the nature and extent of defendant's cooperation.

1    d.   If the USAO determines, in its exclusive judgment,

2    that defendant has both complied with defendant's obligations under

3    paragraphs 2 and 3 above and provided substantial assistance to law

4    enforcement in the prosecution or investigation of another

5    ("substantial assistance"), to move the Court pursuant to U.S.S.G.

6    § 5K1.1 to fix an offense level and corresponding guideline range

7    below that otherwise dictated by the sentencing guidelines, and to

8    recommend a term of imprisonment within this reduced range.

9              DEFENDANT'S UNDERSTANDINGS REGARDING COOPERATION

10       7.   Defendant understands the following:

11       a.   Any knowingly false or misleading statement by

12   defendant will subject defendant to prosecution for false statement,

13   obstruction of justice, and perjury and will constitute a breach by

14   defendant of this agreement.

15       b.   Nothing in this agreement requires the USAO or any

16   other prosecuting, enforcement, administrative, or regulatory

17   authority to accept any cooperation or assistance that defendant may

18   offer, or to use it in any particular way.

19       c.   Defendant cannot withdraw defendant's guilty plea if

20   the USAO does not make a motion pursuant to U.S.S.G. § 5K1.1 for a

21   reduced guideline range or if the USAO makes such a motion and the

22   Court does not grant it or if the Court grants such a USAO motion but

23   elects to sentence above the reduced range.

24       d.   At this time the USAO makes no agreement or

25   representation as to whether any cooperation that defendant has

26   provided or intends to provide constitutes or will constitute

27   substantial assistance.  The decision whether defendant has provided

28

substantial assistance will rest solely within the exclusive judgment of the USAO.

e.   The USAO's determination whether defendant has provided substantial assistance will not depend in any way on whether the government prevails at any trial or court hearing in which defendant testifies or in which the government otherwise presents information resulting from defendant's cooperation.  That is, whether any other person, after trial, is found guilty or not guilty of any offense will have no effect on the government's sentencing recommendation for defendant.

NATURE OF THE OFFENSE

8.   Defendant understands that for defendant to be guilty of the crime charged in single-count information, that is, Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), the following must be true:

a.   First, defendant knowingly possessed marijuana, a federally controlled substance; and

b.   Second, defendant possessed it with the intent to distribute it to another person.

9.   Defendant understands that for defendant to be subject to the statutory maximum sentence set forth below, the government must prove beyond a reasonable doubt that defendant possessed at least 50 marijuana plants.  Defendant admits that defendant, in fact, possessed at least 50 marijuana plants.

PENALTIES

10.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) is: 20 years' imprisonment; a 3-year period of supervised

7

release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11.   Defendant understands that under 21 U.S.C. § 862a, defendant will not be eligible for assistance under state programs funded under the Social Security Act or Federal Food Stamp Act or for federal food stamp program benefits, and that any such benefits or assistance received by defendant's family members will be reduced to reflect defendant's ineligibility.

12.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a

professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

14.  Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his immigration status.  Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

<u>FACTUAL BASIS</u>

15.  Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 17 below but is not meant to be a complete recitation of all facts relevant to the

underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to the Information, defendant was a Deportation Officer with Immigration and Customs Enforcement's Enforcement Removal Operations.  Beginning on an unknown date and continuing until October 4, 2020, defendant and Individual 1 conspired together to operate an illegal marijuana manufacturing facility at a house owned by defendant and Individual 1 in the Panorama City neighborhood of Los Angeles, California ("Manufacturing Facility").  Defendant and Individual 1 would then sell and distribute the marijuana they had cultivated for profit.  Defendant and Individual 1 never applied for or obtained any permits or licenses to operate this Manufacturing Facility in the City of Los Angeles, the County of Los Angeles, and/or the State of California, even though defendant knew that he needed governmental approvals to operate the Manufacturing Facility.

On or about October 4, 2020, Los Angeles Police Department ("LAPD") officers executed a state search warrant at the Manufacturing Facility.  Prior to LAPD officers' execution of the warrant but after defendant saw police outside the Manufacturing Facility, defendant fled the house, hopped over a fence, and got into a car that then started to drive away at a high rate of speed.  LAPD officers stopped the car and arrested defendant.

Inside the Manufacturing Facility, pursuant to the search warrant, LAPD officers seized approximately 60 pounds of marijuana. Beneath a bar counter in the Cultivation Facility, officers found approximately $23,554 in cash in a vacuum-sealed bag, a ledger for the Manufacturing Facility, a mortgage bill in defendant's name for

the house containing the Cultivation Facility, mail in defendant's and Individual 1's names, and a lockbox containing a loaded 9 mm Sig Sauer P 226 handgun ("handgun"), which was registered to Individual 2.  Defendant had constructive possession of the handgun in that he knew it was located beneath the bar counter and had the ability to access it.  Defendant and Individual 1 had placed the handgun there near the cash in the Manufacturing Facility for protection in case individuals attempted to rob the Manufacturing Facility.  LAPD officers also discovered four separate grow rooms containing approximately 780 marijuana plants as well as equipment needed to cultivate those plants, including approximately 37 LED indoor grow lights, multiple wall fans, approximately five air conditioning units, and two large hydroponic liquid containers.

Defendant concealed his illegal marijuana cultivation and distribution business from his federal employer, Immigration and Customs Enforcement, and never sought authorization for outside employment, as required, in an effort to conceal his illegal operation.

## SENTENCING FACTORS

16.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

17.   Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | [U.S.S.G. §§ 2D1.1(a)(5), (c)(10)] |
| Dangerous Weapon Possession: | +2 | [U.S.S.G. § 2D1.1(b)(1)] |
| Maintaining a Premises for Manufacturing or Distributing Controlled Substance: | +2 | [U.S.S.G. § 2D1.1(b)(12)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

18.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

19.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.   Defendant understands that by pleading guilty, defendant gives up the following rights:

a.   The right to persist in a plea of not guilty.

b.   The right to a speedy and public trial by jury.

c.   The right to be represented by counsel – and if necessary have the Court appoint counsel - at trial.  Defendant understands, however, that, defendant retains the right to be

represented by counsel – and if necessary have the Court appoint counsel – at every other stage of the proceeding.

d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.   The right to confront and cross-examine witnesses against defendant.

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>WAIVER OF APPEAL OF CONVICTION</u>

21.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

1

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

2        22.   Defendant agrees that, provided the Court imposes a term of

3   imprisonment within or below the range corresponding to an offense

4   level of 21 and the criminal history category calculated by the

5   Court, defendant gives up the right to appeal all of the following:

6   (a) the procedures and calculations used to determine and impose any

7   portion of the sentence; (b) the term of imprisonment imposed by the

8   Court; (c) the fine imposed by the Court, provided it is within the

9   statutory maximum; (d) to the extent permitted by law, the

10  constitutionality or legality of defendant's sentence, provided it is

11  within the statutory maximum; (e) the term of probation or supervised

12  release imposed by the Court, provided it is within the statutory

13  maximum; and (f) any of the following conditions of probation or

14  supervised release imposed by the Court: the conditions set forth in

15  Second Amended General Order 20-04 of this Court; the drug testing

16  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

17  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18       23.   The USAO agrees that, provided all portions of the sentence

19  are at or below the statutory maximum specified above and (b) the

20  Court imposes a term of imprisonment within or above the range

21  corresponding to an offense level of 21 and the criminal history

22  category calculated by the Court, the USAO gives up its right to

23  appeal any portion of the sentence.

24

### RESULT OF WITHDRAWAL OF GUILTY PLEA

25       24.   Defendant agrees that if, after entering a guilty plea

26  pursuant to this agreement, defendant seeks to withdraw and succeeds

27  in withdrawing defendant's guilty plea on any basis other than a

28  claim and finding that entry into this plea agreement was

14

involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement, including in particular its obligations regarding the use of Cooperation Information; (b) in any investigation, criminal prosecution, or civil, administrative, or regulatory action, defendant agrees that any Cooperation Information and any evidence derived from any Cooperation Information shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, or any federal rule, that any Cooperation Information or any evidence derived from any Cooperation Information should be suppressed or is inadmissible; and (c) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>RESULT OF VACATUR, REVERSAL, OR SET-ASIDE</u>

25.  Defendant agrees that if the count of conviction is vacated, reversed, or set aside, both the USAO and defendant will be released from all their obligations under this agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

26.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

1

<u>BREACH OF AGREEMENT</u>

2      27.  Defendant agrees that if defendant, at any time after the

3  signature of this agreement and execution of all required

4  certifications by defendant, defendant's counsel, and an Assistant

5  United States Attorney, knowingly violates or fails to perform any of

6  defendant's obligations under this agreement ("a breach"), the USAO

7  may declare this agreement breached.  For example, if defendant

8  knowingly, in an interview, before a grand jury, or at trial, falsely

9  accuses another person of criminal conduct or falsely minimizes

10  defendant's own role, or the role of another, in criminal conduct,

11  defendant will have breached this agreement.  All of defendant's

12  obligations are material, a single breach of this agreement is

13  sufficient for the USAO to declare a breach, and defendant shall not

14  be deemed to have cured a breach without the express agreement of the

15  USAO in writing.  If the USAO declares this agreement breached, and

16  the Court finds such a breach to have occurred, then:

17      a.   If defendant has previously entered a guilty plea

18  pursuant to this agreement, defendant will not be able to withdraw

19  the guilty plea.

20      b.   The USAO will be relieved of all its obligations under

21  this agreement; in particular, the USAO: (i) will no longer be bound

22  by any agreements concerning sentencing and will be free to seek any

23  sentence up to the statutory maximum for the crime to which defendant

24  has pleaded guilty; (ii) will no longer be bound by any agreements

25  regarding criminal prosecution, and will be free to criminally

26  prosecute defendant for any crime, including charges that the USAO

27  would otherwise have been obligated not to criminally prosecute

28  pursuant to this agreement; and (iii) will no longer be bound by any

agreement regarding the use of Cooperation Information and will be free to use any Cooperation Information in any way in any investigation, criminal prosecution, or civil, administrative, or regulatory action.

c.   The USAO will be free to criminally prosecute defendant for false statement, obstruction of justice, and perjury based on any knowingly false or misleading statement by defendant.

d.   In any investigation, criminal prosecution, or civil, administrative, or regulatory action: (i) defendant will not assert, and hereby waives and gives up, any claim that any Cooperation Information was obtained in violation of the Fifth Amendment privilege against compelled self-incrimination; and (ii) defendant agrees that any Cooperation Information and any Plea Information, as well as any evidence derived from any Cooperation Information or any Plea Information, shall be admissible against defendant, and defendant will not assert, and hereby waives and gives up, any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that any Cooperation Information, any Plea Information, or any evidence derived from any Cooperation Information or any Plea Information should be suppressed or is inadmissible.

28.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

29.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the sentencing calculations set forth above are consistent with the facts of this case.  This paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even

if that factual information may be viewed as inconsistent with the Factual Basis or Sentencing Factors agreed to in this agreement.

31.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

32.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///
///
///
///
///

1          PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2          33.   The parties agree that this agreement will be considered

3     part of the record of defendant's guilty plea hearing as if the

4     entire agreement had been read into the record of the proceeding.

5     AGREED AND ACCEPTED

6     UNITED STATES ATTORNEY'S OFFICE
      FOR THE CENTRAL DISTRICT OF
7     CALIFORNIA

8     TRACY L. WILKISON
      Acting United States Attorney

9

10    _____          June 4, 2021
      THOMAS F. RYBARCZYK                       Date
11    LINDSEY GREER DOTSON
      Assistant United States Attorneys
12                                              05/25/2021
13    _____          Date
      SAMUEL MATOSYAN
14    Defendant                                 5/25/2021
15    _____          Date
      JILBERT TAHMAZIAN
16    Attorney for Defendant SAMUEL
      MATOSYAN

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____     05/25/2021
SAMUEL MATOSYAN                      _____
Defendant                           Date

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am SAMUEL MATOSYAN's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.


JILBERT TAHMAZIAN                                    Date    5/25/2021
Attorney for Defendant SAMUEL
MATOSYAN

# EXHIBIT A

1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

10   UNITED STATES OF AMERICA,          CR No.

11             Plaintiff,               I N F O R M A T I O N

12             v.                       [21 U.S.C. §§ 841(a)(1),
                                        (b)(1)(C): Possession with Intent
13   SAMUEL MATOSYAN,                   to Distribute Marijuana]

14             Defendant.

15

16        The Acting United States Attorney charges:

17                  [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

18        Beginning on a date unknown to the Acting United States

19   Attorney, and continuing until on or about October 4, 2020, in Los

20   Angeles County, within the Central District of California, and

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

1   elsewhere, defendant SAMUEL MATOSYAN possessed with intent to

2   distribute at least 50 marijuana plants, that is, approximately 780

3   marijuana plants.

TRACY L. WILKISON
Acting United States Attorney


BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Public Corruption and Civil
Rights Section

RUTH C. PINKEL
Assistant United States Attorney
Acting Deputy Chief, Public
Corruption and Civil Rights
Section

THOMAS F. RYBARCZYK
Assistant United States Attorney
Public Corruption and Civil Rights
Section

LINDSEY GREER DOTSON
Assistant United States Attorney
Public Corruption and Civil Rights
Section